UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| ANGIE DUCKWORTH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHOICEPOINT, INC., and STATE )<br>FARM MUTUAL AUTOMOBILE )<br>INSURANCE COMPANY, )<br>)<br>Defendant. ) | Civil Action No.: |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, in the above styled cause, and for her Complaint against the Defendants states as follows:

### Jurisdiction & Venue

1. This is an action brought by a consumer for violations of the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq. [hereinafter "FCRA"])[1] regarding inaccurate entries on Plaintiff's credit report related to an automobile accident that Plaintiff was not involved in. Therefore, subject matter jurisdiction exists under 28 U.S.C. Section 1331.

2. This action is also brought under Alabama state law. These claims are brought under 28 U.S.C. Section 1332 as there exists complete diversity and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000), exclusive of costs and interests.

---

[1] Any reference to the Fair Credit Reporting Act or Fair Debt Collection Practices Act or any part thereof encompasses all relevant parts and subparts thereto.

3. The Plaintiff, ANGIE DUCKWORTH ["Plaintiff"], is a natural person who resides within the Western Division of this District.

4. Defendant CHOICEPOINT, INC. ["CHOICEPOINT"] is a foreign company that engages in business in the Western Division of this District.

5. Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ["STATE FARM"] is a foreign company that engages in business in the Western Division of this District.

6. Plaintiff's father had insurance with STATE FARM and allowed an Angie Jones or Angie Gilbert[2] to borrow a 1980 Plymouth Voyager Van and she wrecked into another car on or about July 9, 2002.

7. Plaintiff, who helped her father with business matters, contacted her agent Mark Durham, and informed STATE FARM of the wreck and who was driving the vehicle – Angie Jones/Gilbert.

8. Due to its negligence, wantoness, or intentional conduct, STATE FARM reported to CHOICEPOINT that Plaintiff was the one involved in the wreck when such was untrue.

9. Plaintiff discovered this in 2003 or 2004 and contacted STATE FARM (through the agent Mark Durham) and STATE FARM acknowledged that it was incorrect and that it would be corrected. At this point Plaintiff did not know of the existence of CHOICEPOINT or the role that CHOICEPOINT played.

10. In September 2006, Plaintiff discovered that STATE FARM had not corrected this false information as STATE FARM had promised.

---

[2] Based upon information and belief, Angie Jones is now known by her married name of Angie Gilbert.

11. Plaintiff discovered the role of and existence of CHOICEPOINT after being informed of such by Allstate Insurance Company who gave her a quote.

12. Allstate informed Plaintiff that she would be charged higher rates because of this 2002 accident.

13. In September 2006, Plaintiff contacted CHOICEPOINT and disputed this wreck.

14. CHOICEPOINT told Plaintiff in order to dispute the wreck she would need to contact STATE FARM directly. CHOICEPOINT falsely hid from Plaintiff that she should dispute directly in writing iwht CHOICEPOINT.

15. Plaintiff, however, disputed in writing with STATE FARM and CHOICEPOINT on or about September 25, 2006.

16. Plaintiff also told both STATE FARM and CHOICEPOINT that the name of the driver was either Angie Jones or Angie Gilbert, even though it was listed in correspondence as "Angie Jones" as that is how Plaintiff knew her.

17. Plaintiff did not receive any notification from CHOICEPOINT as to the outcome of the investigation and Plaintiff did not hear anything from STATE FARM.

18. On or about February 5, 2007, Plaintiff again disputed by letter and phone with both STATE FARM and CHOICEPOINT.

19. On or about February 28, 2007, Plaintiff received a letter[3] from CHOICEPOINT indicating that the wreck had been verified.

20. On or about February 28, 2007, Plaintiff had her father call STATE FARM (through the agent) and he was told this matter had been cleared up years ago. A

---

[3] The letter was dated February 9, 2007.

conference call was then held with the agent and a member of "Team Five" who said a fax should be sent.

21. One or more calls were made between Plaintiff and STATE FARM that ultimately resulted in STATE FARM again admitting that this information was false.

22. On or about March 5, 2007, Plaintiff called CHOICEPOINT in a last effort to get this resolved and was told that no changes would be made to her report.

23. Both CHOICEPOINT and STATE FARM failed to keep accuarate records on Plaintiff in violation of state law (both defendants) and the FCRA (CHOICEPOINT).

24. Both Defendants failed to properly investigate the wreck in question, as both Defendants knew Plaintiff was not in the 2002 wreck.

25. The effect of this error on her credit report has been to substantially affect her credit report and her ability to obtain insurance rates at the correct amount due to this false entry on her report.

26. The conduct of CHOICEPOINT and STATE FARM has proximately caused Plaintiff past and future monetary loss, past and future damage to her credit and credit worthiness, past and future mental distress and emotional anguish and other damages that will be presented to the jury.

27. It is a practice of both CHOICEPOINT and STATE FARM to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FCRA and state law.

28. All actions taken by employees, agents, servants, or representatives of any type for CHOICEPOINT and STATE FARM were taken in the line and scope of such individual's (or entities') employment, agency, or representation.

29. All actions taken by CHOICEPOINT and STATE FARM were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the law.

30. CHOICEPOINT and STATE FARM has engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports and as such CHOICEPOINT and STATE FARM is subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by CHOICEPOINT and STATE FARM and similar companies.

### FIRST CLAIM FOR RELIEF
### Violating the Fair Credit Reporting Act

31. All paragraphs of this Complaint are expressly adopted and incorporated as if fully set forth herein.

32. Plaintiff is a "consumer," as codified at 15 U.S.C. § 1681a(c).

33. STATE FARM is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies (CHOICEPOINT) about STATE FARM's transactions or experiences with any consumer and STATE FARM constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

34. CHOICEPOINT is a consumer reporting agency under the FCRA.

35. Plaintiff notified CHOICEPOINT and STATE FARM directly of a dispute on the STATE FARM account's completeness and/or accuracy, as reported.

36. CHOICEPOINT notified STATE FARM in a timely manner of the dispute.

37. Neither CHOICEPOINT nor STATE FARM ever notified Plaintiff that her disputes were frivolous or irrelevant, or that she had failed to provide sufficient information to investigate the disputed information.

38. Plaintiff alleges that CHOICEPOINT and STATE FARM failed in all respects to conduct a proper and lawful reinvestigation from start to finish as required under federal law.

39. For example, CHOICEPOINT and STATE FARM knew from the multiple notices that Plaintiff was not involved in the wreck in July 2002 yet CHOICEPOINT and STATE FARM failed to adequately investigate the disputes.

40. All actions taken by CHOICEPOINT and STATE FARM were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA.

41. All of the violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

## SECOND CLAIM FOR RELIEF
### State Law Claims

42. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

43. CHOICEPOINT and STATE FARM published false information about Plaintiff by reporting the wreck on Plaintiff's credit report to numerous insurance companies, including Allstate Insurance Company.

44. Plaintiff alleges that the publication(s) was done maliciously, without privilege, and with a willful intent to injure Plaintiff.

45. CHOICEPOINT and STATE FARM acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff as set forth in this complaint. This includes the initial reporting of wreck; the handling of the investigations on the account; and all other aspects as set forth in this Complaint.

46. CHOICEPOINT and STATE FARM invaded the privacy of Plaintiff as set forth in Alabama law.

47. Such negligence, malice, wantonness, recklessness, and/or intentional conduct proximately caused the damages set forth in this complaint.

## RELIEF SOUGHT

48. An award of statutory, actual, compensatory and punitive damages, and costs of the action including expenses, together with reasonable attorney's fees.

49. Plaintiff also requests all further relief to which she is entitled, whether of a legal or equitable nature.

Respectfully Submitted,

/s/ John Watts
John G. Watts ASB-5819-T82J
**Attorney for Plaintiff**

**OF COUNSEL:**
Watts Law Group, P.C.

15 Office Park Circle, Suite 206
P.O. Box 531168
Birmingham, AL 35253
(205) 879-2447
(205) 879-2882 *facsimile*
john@wattslawgroup.com

M. Stan Herring ASB-1074-N72M
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
201 Avon Place
700 29th Street South
Birmingham, AL 35233
(205) 714-4443
(205) 714-7177 *facsimile*
msh@mstanherringlaw.com

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

**Attorney for Plaintiff**

**Serve defendant via certified mail at the following addresses.:**

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
Tom Larkin
100 State Farm Parkway
Birmingham, Alabama 35297-0001


CHOICEPOINT, INC.
c/o Corporation Service Company
40 Technology Parkway
Suite 300
Norcross, GA 30092